UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANN STANDLEY, | ) | 3:06-cv-00194-HDM-VPC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| ELKO COUNTY, a political subdivision of the State of Nevada; and ROB K. STOKES, individually and in his capacity as County Manager for Elko County, Nevada, | ) | |
| Defendants. | ) | |

Before the court is Defendants' Motion for Summary Judgment (#24). Plaintiff responded (#29) and defendants replied (#30). Plaintiff's complaint includes ten claims for relief, two of which were dismissed by joint stipulation of the parties (#23). Of the remaining eight claims, two arise under 42 U.S.C. § 1983, and both concern the plaintiff's due process rights, which the plaintiff asserts were denied her when she was terminated from her Elko County job without a pretermination hearing. Defendants claim that, as the plaintiff was an at-will employee at the time she was

1

terminated from her position at the Jackpot Recreation Center, she had no property interest in her employment and therefore was not denied her due process rights. The parties submitted supplemental briefing on the issue of whether plaintiff was an at-will employee at the time of her termination.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may

2

be granted." *Id.* at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Blue Ridge Insurance Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing *Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's constitutional due process claims depend on her having had a property right in continued employment. *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). While constitutionally protected, such property rights are created and defined by sources other than the Constitution, such as state law. *Id.* Nevada law presumes that Nevada employees serve at-will. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 376 (1999)(en banc). Under that presumption, absent an express or implied contract that provides otherwise, an employer may terminate an

3

employee for any reason, so long as the reason does not violate public policy, or for no reason at all. *Id*. The burden is on the plaintiff to show by a preponderance of the evidence that such a contract in fact existed. *Southwest Gas Corp. v. Vargas*, 111 Nev. 1064, 1071 (1995).

Here, upon the court's request, the parties provided supplemental briefs on the issue of the plaintiff's employment status with the county, and specifically on the issue of whether she was an at-will employee. The defendants assert based on the previous evidence before the court and the supplemental testimony of Chief Deputy District Attorney Kristin McQueary, who has legal responsibility for employment issues in Elko County, that the plaintiff was an at-will employee at the time of her termination. (Supp. to Def. Mot. Summ. J., Ex. 1 (Dep. of Kristin McQueary at 9)). The defendants' position is supported by the uncontradicted evidence that the plaintiff was a salaried employee who did not belong to any bargaining unit, that she did not have an employment contract, that she was the "second in command" in the department, and that she was treated the same as similar employees in all other departments of the county who were at-will employees and not members of a bargaining unit. Ms. McQueary's characterization of the employment practices of Elko County parallel the presumption in Nevada that an employee is at-will unless she enters into an express or implied contract that provides for termination for cause only.

In response, the plaintiff points to no such employment contract, collective-bargaining agreement, or any other evidence of a protected interest in her continued employment. Instead, she

4

relies on her original job description, attached to her Opposition to Defendants' Motion for Summary Judgment as Exhibit 24, which indicated that her position was "non-exempt," as well as the testimony of the Human Resources Director, Ms. Jerilyn Underwood, who stated in her deposition that, "[h]ourly employees by definition are not at-will."  (Pl. Opp'n, Ex. 12 (Dep. of Jerilyn Underwood at 26)).  In subsequent testimony Ms. Underwood clarified that, "[i]n Elko County, our hourly employees are typically nonexempt and in a bargaining unit."   (Def. Reply, Exh. B (Dep. of Jerilyn Underwood at 34)).

It is not disputed that plaintiff did not belong to a bargaining unit, and was salaried.  While there may be some dispute in the record as to the meaning of the term "non-exempt" and whether the plaintiff's job was designated as such, the law is clear that the relevant question is instead whether she was an at-will employee.  The plaintiff may have overcome the presumption that she was at-will by a showing that she entered into an express or implied contract providing for termination only for cause, but she has made no such showing.  The plaintiff has presented insufficient evidence of material facts to create a triable issue of fact on her claims under 42 U.S.C. § 1983.  The Defendants' Motion for Summary Judgment with respect to plaintiffs first and second claims is GRANTED and those claims are dismissed.

Having dismissed plaintiff's federal claims, this court declines to exercise supplemental jurisdiction over her remaining state law claims.  A district court need not actuate supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *see Moore v.*

5

*Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). It is generally preferable to dismiss pendent state claims after federal claims have been dismissed.  *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir. 1987).  Thus, the state supplemental claims are dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 20th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE